# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUSTIN DAVID SHEFFIELD,      )
                              )
            Petitioner,      )
                              )
         v.             )      1:14CV450
                              )
FRANK L. PERRY,        )
                              )
                              )
         Respondent.    )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed an Answer (Docket Entry 5), a Motion for Summary Judgment (Docket Entry 7), and a Brief in Support of the Motion for Summary Judgment (Docket Entry 8). Petitioner was notified of his right to file a Response (Docket Entry 9), however, no such Response was forthcoming. This matter is now prepared for a ruling.

## FACTS

On September 17, 2007, Petitioner pled guilty to one count of robbery with a dangerous weapon and one count of common law robbery, in cases 06 CRS 053924-25. (Docket Entry 1, §§ 1-6, Attach. 2 at 11-15.) He was sentenced to 82-108 months of imprisonment. (Docket Entry 1, § 3, Attach. 2 at 15.) Petitioner did not file a direct appeal. (Docket Entry 1, § 8.)

Approximately six years later, on October 9, 2013, Petitioner signed and then later filed a Motion for Appropriate Relief ("MAR") in Superior Court, Lee County. (Docket Entry 1, Attach. 1 at 16-51.) On March 14, 2014, Petitioner dated a motion for expedited consideration of his MAR, which he filed in Superior Court, Lee County. (*Id.* at 14, 17.) On April 2, 2014, Petitioner dated a request for the status of his MAR and an evidentiary hearing in Superior Court, Lee County. (*Id.* at 14.) On April 9, 2014, Petitioner filed a petition for a writ of mandamus in the North Carolina Court of Appeals, which was denied on April 22, 2014. (Docket Entry 8, Ex. 1.) On April 24, 2014, the Superior Court, Lee County, denied Petitioner's MAR, motion for expedited consideration of the MAR, and request for a status report and an evidentiary hearing. (Docket Entry 1, Attach. 1 at 14.)

On April 30, 2014, Petitioner signed and then later filed a certiorari petition in the North Carolina Court of Appeals, seeking review of the April 24, 2014 order of the Superior Court, Lee County, denying his MAR, motion for expedited consideration of his MAR, and request for a status report and an evidentiary hearing. (*Id.* at 1-13.) On May 27, 2014, the North Carolina Court of Appeals denied Petitioner's certiorari petition. (Docket 1 at 20.) Petitioner dated the instant federal habeas petition May 28, 2014 and filed it in this Court on June 2, 2014. (Docket 1.)

## Petitioner's Claims

Petitioner raises seven claims: (1) a *Brady* violation by the State, (2) the guilty plea was not made knowingly, voluntarily, and intelligently and lacked a factual basis, (3) his conviction was in violation of due process, (4) his right to equal protection was violated and he is entitled to retroactive beneficial changes in North Carolina sentencing law, (5) that he

received ineffective assistance of counsel due to counsel's failure to investigate the elements of the alleged crime and to object to the State's factual basis and to the sentence imposed, (6) that his sentences were grossly disproportionate and "not graduated to the offense," (7) and "error coram nobis on previous convictions." (*See id.* § 12, Grounds One through Seven.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 8.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B)-(D) of § 2244(d)(1) apply here.

Here, Petitioner's judgment was entered on September 17, 2007. (Docket Entry 1, Attach 2 at 15-16.) Petitioner did not pursue a direct appeal with the North Carolina Court of Appeals.[1] Petitioner's conviction thus became final fourteen days later on October 1, 2007. *See* 28 U.S.C. 2244(d)(1)(A) (providing that a conviction is final "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *see also* N.C. R. App. P. 4(a)(2) (stating that criminal defendants have fourteen days to appeal). Therefore, Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) commenced on October 1, 2007, and expired 365 days later on October 1, 2008. Petition dated the instant federal habeas Petition May 28, 2014 and filed it in this Court on June 2, 2014. It is more than five years late.

It is true that Petitioner did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Yet, Petitioner did not make any collateral filings in the state courts until late-2013, a number of years after the limitations period on filing a federal habeas petition expired. State filings after this limitations period passes do not restart the filing period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

In summary, Petitioner's statute of limitation began to run on October 1, 2007 and expired one year later on October 1, 2008. His state post-convictions proceedings did not

---

[1] Respondent implies that Petitioner was not entitled to appeal his conviction (Docket Entry 8 at 22), however, the Court need not definitively resolve this issue because a fourteen day difference in the calculations set forth herein are immaterial.

entitle him to statutory tolling because they were filed and resolved after the duration of the limitations period. Petitioner did not submit the instant Petition until at the earliest May 28, 2014 over six years after the expiration of the federal habeas deadline, and it is therefore untimely.

The undersigned notes further that one of Petitioner's claims—specifically, that equal protection principles entitle him to the retroactive benefit of changes in North Carolina state sentencing law—may arguably implicate § 2244(d)(1)(D).[2] However, even assuming this is so, this claim remains time-barred. As explained, pursuant to § 2244(d)(1)(D) a Petitioner may file an application for a writ of habeas corpus within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

To support this contention Petitioner asserts: (1) that he is entitled to the retroactive application of the advanced supervised release statute, which was enacted as part of the

---

[2] A properly pled *Brady* claim might also implicate subsections (C) or (D), and while Petitioner does assert a *Brady* claim, it is so vague and conclusory that it is insufficient to either implicate those subsections or, beyond that, to succeed on the merits. To successfully show a *Brady* violation, a petitioner must establish three things. First, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Second, the evidence must have been willfully or inadvertently suppressed by the state. *Id.* at 282; *see also United States v. Stokes*, 261 F.3d 496, 502 (4th Cir. 2001). Finally, prejudice against a petitioner must have resulted (*i.e.*, the evidence at issue was "material"). *Strickler*, 527 U.S. at 282; *see also Stokes*, 261 F.3d at 502. Evidence is considered "material" and thus subject to *Brady* disclosure "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Petitioner's *Brady* claim seems to assert that the state withheld the results of exculpatory DNA testing. (Docket Entry 1, Ground One.) However, in an earlier affidavit, Petitioner states that "The record shows that a weapon was found 'A Knife' and it was not tested for DNA." (*Id.*, Attach. 1 at 50.) Additionally, Petitioner has failed to meaningfully plead or show that any favorable, material evidence, creating a reasonable probability of a different result, was suppressed or otherwise withheld from him. Consequently, even if this claim were not time-barred, vague, and conclusory (and it is all these things) it would fail on the merits.

Justice Reinvestment Act ("JRA") of 2011 as contained in § 15A-1340.18 of the North Carolina General Statutes; and (2) that he is entitled to the retroactive application of the 2009 amendments to §§ 15A-1340.14 and/or 15A-1340.17 of the North Carolina General Statutes. (Docket Entry 1, Attach. 1 at 31-32.) *See* N.C.G.S. § 15A-1340.18; N.C.G.S. § 15A-1340.14; N.C.G.S. § 15A-1340.17. Nevertheless, Petitioner has been on actual or constructive notice of the factual predicate of his claim based on the 2009 amendments to §§ 15A-1340.14 and 15A-1340.17 since, at the latest, the effective date of the pertinent 2009 amendments to those sections, that is, since December 1, 2009, and has been on actual or constructive notice of the factual predicate of his claim based on the 2011 amendments to § 15A-1340.18 since, at the latest, the effective date of the pertinent 2011 amendments to that section, that is, since 1 January 2012. *See* N.C.G.S. §§ 15A-1340.14 and 17 (Effect of Amendments) and N.C.G.S. § 15A-1340.18 (Editor's Note).

Assuming that the December 1, 2009 date marked the onset date of the one year deadline for §§ 15A-1340.14 and/or 15A-1340.17, Petitioner had until on or about December 1, 2010 to filed the instant claim. And, assuming that the January 1, 2012 date marked the onset date of the one year deadline for his § 15A-1340.18 claim, Petitioner had until on or about January 1, 2013 to raise this argument in a federal habeas petition. As explained, Petitioner did not file the instant Petition until at the earliest May 28, 2014, which is after the December 1, 2010 and January 1, 2013 deadlines. Petitioner did seek state post-conviction relief in late-October 2013 and thereafter, but that was still a number of months after the federal habeas deadline expired. As explained, efforts at post-conviction relief

pursued after the habeas deadline—here, December 1, 2010 and January 1, 2013—do not

revive or restart the time to file in federal court. *See Minter*, 230 F.3d at 665.[3]

Petitioner does not dispute the foregoing time-line. However, he does contend that

his federal habeas petition is timely in light of two 2013 Supreme Court cases, *Trevino v.*

*Thaler*, 133 S.Ct. 1911 (2013) and *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). (Docket Entry

1, § 18.) To the extent that Petitioner is contending that the petition is timely in light of

*Trevino* pursuant to § 2244(d)(1)(C), *Trevino* is not a new rule of constitutional law made

retroactive to cases on collateral review and, even if it were, its holding—which has to do

with procedural default rather than the limitations statute—does not apply to Petitioner's

claims.[4] *See, e.g.*, *Pagan–San Miguel v. United States*, 736 F.3d 44 (1st Cir. 2013).

As for the other case mentioned by Petitioner, the Supreme Court recently

recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence

---

[3] In any event, the claims also fail on the merits. *See Stoneman v. Soloman*, No. 1:13cv836, 2014 WL 1270060, *10-14 (M.D.N.C. March 26, 2014); *Dover v. Ball*, No. 5:12–cv–167–RJC, 2013 WL 3781958, at *1–2 (W.D.N.C. July 18, 2013); *Brown v. Gray*, No. 5:13–HC–2026–FL, 2014 WL 773465, at *4–5 (E.D.N.C. Feb. 25, 2014). Moreover, the Equal Protection Clause does not prohibit the legislature from prospectively reducing the penalty for a crime, even if defendants sentenced for the crime prior to the effective date of the change would serve a longer term of imprisonment than defendants sentenced thereafter. *See Foster v. Washington State Bd. of Prison Terms & Paroles*, 878 F.2d 1233, 1235 (9th Cir. 1989); *Frazier v. Manson*, 703 F.2d 30, 35–36 (2d Cir. 1983); *Smith v. Shanahan*, No. 1:13CV393, 2014 WL 575723, at *4 (M.D.N.C. Feb. 11, 2014). Nor has Petitioner mounted a meaningful Eighth Amendment claim. *See, e.g.*, *Brown*, 2014 WL 773465, at *5-6.

[4] Because *Trevino* addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding, it is inapplicable to the determination of timeliness under the one-year statute of limitations. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (declining to extend *Trevino* rules to time-barred § 2254 petitions); *see also Wilson v. Perry*, No. 1:14–CV–576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) ( "*Trevino* . . . addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. Thus, . . . *Trevino* [is] inapplicable to the determination of untimeliness under the . . . one-year statute of limitations."); *see, e.g.*, *United States ex rel. Ames v. Lemke*, No. 13 C 2826, 2013 WL 5718206, at *4 (N.D. Ill. Oct. 21, 2013) (holding *Trevino* rule does not concern excuse of untimely petition).

exception to the limitations statute. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995); *see McQuiggin*, ___ U.S. at ___, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, at best, Petitioner has done no more than assert in a conclusory fashion he is innocent. Mere conclusory statements are insufficient to toll the federal habeas deadline.

Beyond this, Petitioner has also failed to demonstrate he is entitled to any form of equitable tolling.[5] The doctrine of equitable tolling applies to the time bar set forth in Section 2244. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)). Petitioner does not invoke equitable tolling, at least not beyond those cases addressed above, and nothing on the record suggests that he meets either prong. Petitioner's claims are time-barred and should therefore be dismissed. An evidentiary hearing is not warranted in this matter.

---

[5] In setting forth his grounds for relief in the Petition, Petitioner asserts that he did not raise these issues on direct appeal because counsel failed to appeal or to inform Petitioner he could appeal. (Docket Entry 1, Grounds One through Seven.) Petition does not assert that this caused the instant Petition to be untimely, nor could he. Even if Petitioner's state court counsel failed to inform him of his right to appeal, and failed to perfect an appeal on Petitioner's behalf, counsel's conduct would still not warrant the extraordinary delay in the filing of the instant Petition.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 7) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

Joe L. Webster
United States Magistrate Judge

December 24th 2014